JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The effect of the majority opinion is to amend the Workers’ Compensation Act by eliminating the role of the Workers’ Compensation Court in determining a claimant’s right to total disability benefits.
On January 29, 1992, claimant filed a petition for hearing before the Workers’ Compensation Court in which he asked that court to find that he was permanently totally disabled and entitled to permanent total disability benefits.
By statute, the Workers’ Compensation Court is given exclusive jurisdiction to determine the nature and extent of benefits to which an injured worker is entitled. Section 39-71-2905, MCA (1987), which was in effect on the date of claimant’s injury, provides as follows:
A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers’ compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers’ compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in 39-71-317 and 39-71-516. [Emphasis added.]
The claimant in this case did comply with the dispute resolution requirements provided for in § 39-71-2401, MCA (1987), and §§ 39-71-317 and -516, MCA, are not applicable to this case.
*171 It is our obligation to construe statutes in a way that gives effect to the substance of the statute, and if several statutes appear to conflict, to construe them in a way that gives effect to all of the statutes. Section 1-2-101, MCA (1987), provides:
In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.
The majority has concluded that when a hearing examiner for the Division of Workers’ Compensation decided claimant’s employment options under Part 10 of the Workers’ Compensation Act which relates to vocational rehabilitation, that hearing examiner effectively decided what disability benefits claimant was entitled to under the Workers’ Compensation Act. To construe the administrative procedures provided for in Part 10 of the Act in that manner does not satisfy this Court’s statutory obligation to give effect to all the provisions of the Workers’ Compensation Act. The only way to accomplish that obligation is to conclude that Part 10 of the Workers’ Compensation Act relates solely to eligibility for vocational rehabilitation benefits and Part 29 of the Workers’ Compensation Act relates to the procedure for determining disability benefits.
Although claimant had a right to appeal to the Workers’ Compensation Court from the final order of the Legal Services Division of the Department of Labor and Industry, the scope of review on that appeal would have been limited and would not have been the equivalent of a hearing before the Workers’ Compensation Court. In State Compensation Mutual Insurance Fund v. Lee Rost Logging (1992), 252 Mont. 97, 827 P.2d 85, we held that § 2-4-704(2)(a)(v), MCA, of the Administrative Procedure Act applied to the Workers’ Compensation Court’s review of an agency decision. Therefore, if claimant had appealed the decision of the Legal Services Division, the Workers’ Compensation Court could only have reversed that decision if it was “clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.” That limited form of review is not the equivalent of the fact-finding responsibility given exclusively to the Workers’ Compensation Court by § 39-71-2905, MCA, when claimant’s disability benefits are at issue. For that reason, the right of appeal provided for in § 39-71-1018(4), MCA, was not the equivalent of the hearing guaranteed in Part 29 of the Act. The majority’s decision, therefore, *172 effectively amends the Workers’ Compensation Act by eliminating the rights and jurisdiction provided for in Part 29.
The statutory scheme enacted by the Legislature in 1987 recognized the need for an independent court to decide the most important issue that could arise in disputes between injured workers and the insurer for their employer. For that reason, the Legislature gave the Workers’ Compensation Court exclusive jurisdiction to decide those issues. This Court, by this decision, has eliminated that procedural safeguard and placed all injured workers in this state at greater risk in the process. For these reasons, I dissent from the majority opinion. I would reverse the judgment of the Workers’ Compensation Court.
JUSTICE HUNT joins in the foregoing dissent.